IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                          Case No. 16 C 5528

JAVIER REYES,                 Judge Harry D. Leinenweber

                Defendant.

## ORDER

Defendant's Motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Dkt. Nos. 6, 8) are denied. Defendant's Motion for Reappointment of Counsel (Dkt. No. 27) is denied as moot.

## STATEMENT

In 2005 Reyes was charged with conspiracy to rob a credit union in violation of 18 U.S.C. § 371 (Count I), bank robbery in violation of U.S.C. § 2113(A) (Count II), and possession and brandishing of a fire arm in furtherance of a crime of violence in violation of 18 U.S.C. § 924 (C)(1)(a) (Count III). At the time of the actual robbery he was on vacation and the robbery was carried out by his three co-defendants. The evidence disclosed, although he was not present at the time of the robbery, that nevertheless he had assisted the three others in planning the robbery by providing necessary insider information concerning the

credit union by virtue of the fact that he was its loan officer. One of the participants, in carrying out the crime, brandished a gun against the only credit union employee on duty in order to make him divulge the combination to a safe. Reyes had provided the gun. Reyes was convicted on all three counts by a jury.

The presentence report (PSR) recommended to the court that his advisory guideline range, prior to consideration of possible career offender status, was 346 to 411 months, based on an offense level of 34 and a criminal history category of VI. The PSR also recommended that Reyes be considered a career offender under Guideline §§ 4B1.1(a), 4B1.1(c)(2)(A) and (B), and 4B1.1(c)(3), based on prior convictions of attempted murder, voluntary manslaughter, and burglary. This recommendation increased his advisory guideline range of imprisonment to 360 months to life. The court adopted the recommendations as to the offense level, the criminal history classification, and the career offender status. The court however granted a variation from the application of the guidelines and sentenced him to a 60-month sentence on Count One to be served concurrently with a 216-month sentence on Count Two, to be followed consecutively with a 84-month sentence on Count Three, for a total of 300 months, well below the guideline minimums.

Reyes appealed his conviction to the Seventh Circuit alleging a number of errors, but did not include a challenge to the career

offender designation or to the legal or factual sufficiency of the evidence underlying his convictions under § 371, § 2113(a), or § 924(c). The convictions were affirmed on September 5, 2008. *United States v. Reyes*, 42 F. 3d 588 (7th Cir. 2008).

Reyes filed his first § 2255 motion on December 23, 2009, alleging that his counsel had been ineffective regarding various trial issues. He did not challenge either his sentence or his designation as a career offender. The motion was denied on March 11, 2011, and the District Court declined to grant a certificate of appealability.

On April 29, 2016, Reyes sought and received permission from the Seventh Circuit to file a second or successive § 2255 petition seeking relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that the prior convictions that were used to support his career offender status ran afoul of *Johnson*. On June 27, 2016, Reyes filed his § 2255 motion arguing that the residual clause of § 924(c)(3)(B) was unconstitutionally vague so that Count I conspiracy to commit bank robbery pursuant to § 371 and Count II bank robbery pursuant to § 2113(a) did not qualify as crimes of violence under the § 924(c)(B) residuary clause. On September 5, 2017, and on April 24, 2018, Reyes moved to amend his previous petitions again arguing that bank robbery under § 2113(a) and § 371 did not qualify as crimes of violence.

- 3 -

The problem with Reyes' reliance on *Johnson* is that *Johnson*'s determination that the Section 924(c)(B) residuary clause was unconstitutionally vague does not apply to the United States advisory guidelines. The Supreme Court pointed out that the guidelines, unlike § 924(c)(B), do not implicate the two main concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement.  "That is because even if a person behaves so as to avoid an enhanced sentence under the career-offender guideline, the sentencing court retains discretion to impose the enhanced sentence."  Had the guidelines remained mandatory the answer may well have been different. However *Booker* took care of that. *United States v. Booker*, 125 S. Ct. 738 (2005). The *Booker* court also wrote that the advisory guidelines did not implicate the vagueness doctrine's other concern being arbitrary enforcement. This is because the guidelines do not regulate the public by prohibiting any conduct or by establishing minimum and maximum penalties for any crime.  Instead the guidelines "advise sentencing courts how to exercise their discretion within bounds established by Congress." This is made even clearer where the sentencing courts are directed to consider numerous other factors, in addition to the guidelines, in determining a reasonable sentence.  See §§ 3553(a)(1)-(3), (5)-(7).

This case itself demonstrates the difference between *Johnson* and *Beckles*.  Here the court determined that Reyes was a career

criminal, yet nevertheless granted him a variance and sentenced him to a term that was well below the minimum of both the offense guideline range of imprisonment (346-411 months) and the career offender guideline range (360 to life).

There being no constitutional problem with the sentencing of Reyes, the 2255 motions (Dkt. Nos. 6, 8) are denied. The Motion for Reappointment of Counsel (Dkt. No. 27) is denied as moot.


_____
      Harry D. Leinenweber, Judge
      United States District Court

Dated: 5/28/2019

- 5 -